# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1368 | **DATE** | 6/30/04 |
| **CASE TITLE** | Scott-Riley vs. Mullins Food Products, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ___ ___.

(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due___ ___.

(4) ☐ Ruling/Hearing on ___ ___ set for ___ ___ at ___ ___.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ ___ set for ___ ___ at ___ ___.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ ___ set for ___ ___ at ___ ___.

(7) ☐ Trial[set for/re-set for] on ___ ___ at ___ ___.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ ___ at ___ ___.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies defendants' motion to dismiss the state law claims. Defendants are directed to answer those claims within fourteen days of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 07 2004 | |
| | Notified counsel by telephone. | date docketed | 16 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SHARIFAH I. SCOTT-RILEY, )
)
        Plaintiff, )
)
vs. ) Case No. 04 C 1368
)
MULLINS FOOD PRODUCTS, INC.; )
WILLIAM MULLINS; TOMMY )
MULLINS; and SUE BALTRUS, )
)
        Defendants. )

**DOCKETED**
**JUL 0 7 2004**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

    Sharifah Scott-Riley, has sued her former employer Mullins Food Products, Inc., William Mullins, Tommy Mullins, and Sue Baltrus for gender discrimination, race discrimination, disability discrimination and retaliation. Count 6 of Scott-Riley's complaint is a supplemental state law claim alleging Scott-Riley was discharged in retaliation for filing a worker's compensation claim and a complaint of discrimination. Count 7 of the complaint is a supplemental state law claim alleging intentional infliction of emotional distress (IIED).

    Scott-Riley alleges that she sustained a work related injury causing third-degree burns on her right foot and ankle in December 2000 and later filed a worker's compensation claim concerning the injury. She alleges that defendants pressured her to return to work following the injury even though she had not been released for work by her doctor. She says she was pressured to walk up a flight of stairs to punch a time clock, despite the fact that there was a time clock located on the first floor and even though climbing the stairs caused her great pain. In August 2002, Scott-Riley says, she was denied a promotion despite being better qualified than the white male who was placed in the position. Scott-Riley alleges that she and other female and black employees were subjected to racially and sexually derogatory remarks, offensive e-mails, and jokes by supervisors and other white male employees. Scott-Riley filed a charge of

1 ⓛ

discrimination with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC) on October 12, 2002. On October 17, 2002, Scott-Riley alleges, she informed the company's human resources manager that she was unable to climb the stairs to punch the time clock because of pain she was experiencing in her foot. The next day, October 18, 2002, she was terminated, supposedly for not punching in on October 17. Scott-Riley alleges that she was terminated in retaliation for filing charges with the IDHR and the EEOC and for filing a worker's compensation claim.

The defendants have moved to dismiss the IIED claim, arguing that it is preempted by the Illinois Human Rights Act (IHRA) and/or by the Illinois Workers' Compensation Act (IWCA). For the reasons stated below, the Court denies the defendants' motion.

## Discussion

The IWCA provides that "[n]o common law or statutory right to recover damages from the employer ... for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act...." 820 ILCS 305/5(a). Because of this statute, an employee may not bring a common law claim against her employer unless she proves either that her injury was not accidental; that it did not arise from her employment; that it was not received during the course of her employment; or that the injury is not compensable under the IWCA. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 463, 564 N.E.2d 1222, 1226 (1990). When a worker's claim against her employer is based on an injury intentionally inflicted on her by a co-employee, the injury is considered "accidental" under the IWCA, and thus the worker's claim is preempted unless she can show that the employer directed or expressly authorized the co-employee to commit the acts that caused the injury. *Id.* An allegation that the co-employee was acting within the scope of his authority is insufficient to give rise to a claim that the employer directed or expressly authorized the co-employee's acts; thus a claim based on a theory of *respondeat superior* is preempted by the IWCA even if the injury was intentionally caused by the co-employee. *Id.* at 465, 564 N.E.2d at 1227. *See also, e.g., Zakutansky v. Bionetics Corp.*,

806 F. Supp. 1362, 1367 (N.D.Ill. 1992); *Jaskowski v. Rodman & Renshaw, Inc.*, 813 F. Supp. 1359, 1362 (N.D. Ill. 1993). In addition, a claim that management ignored evidence that the conduct was taking place is insufficient; what is required is "actual direction, encouragement, or participation" by management. *Jaskowski*, 813 F. Supp. at 1361 (citing *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 239, 408 N.E.2d 198, 203 (1980)).

This Court dealt with a similar issue in *Temores v. Cowen*, 289 F. Supp. 2d 996 (N.D. Ill. 2003). In *Temores*, an employee sued her former employer alleging sexual harassment and sex discrimination in violation of Title VII, and her former supervisors for assault, battery, and false imprisonment, and IIED. The Court rejected the defendants' arguments that the IIED claim was preempted by the IWCA in part because Temores provided evidence of two senior managers participating in the harassment of which she complained. *Id.* at 1007. The Court acknowledged that it still must be shown that defendants had the authority to make decisions and set policy on behalf of the employer. *Id.* (quoting *Daulo v. Commonwealth Edison*, 938 F. Supp. 1388, 1406 (N.D. Ill. 1996). However, because defendants did not attack the claim on that basis, the claim survived summary judgment. *Temores*, 289 F. Supp. 2d at 1007-08.

In this case, Scott-Riley contends that two people who held "top positions" within the company, Tommy Mullins and William Mullins, directed and engaged in the alleged conduct that forms the basis for her IIED claim. She also alleges that those individuals made the decisions to discriminate and retaliate against her and terminate her employment. Though Scott-Riley does not provide more detail about the titles and nature of these persons' positions, that is unnecessary at this point. The complaint need only provide a short and plain statement of the claim that will give the defendant fair notice of the basis for the plaintiff's claim. *Conley v. Gibson*, 355 U.S. 41, 47 (1956). For present purposes, Scott-Riley's claim is sufficient under *Temores* to avoid preemption.

Defendants also argue that Scott-Riley's IIED claim is preempted by the IHRA. *See* 775 ILCS 5/8-111(c). The Illinois Supreme Court has held that common law claims are preempted by the HRA if they are "inextricably linked to a civil rights violation such that there is no

independent basis for the action apart from the [IHRA] itself." *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 517, 687 N.E.2d 21, 23 (1997). The IHRA does not bar common law tort claims simply because they are "factually related to incidents of sexual harassment," *id.* at 516, 687 N.E.2d at 23; rather the question is whether the common law claim is premised upon legal obligations and prohibitions that exist as a matter of Illinois law only under the Act and have no other independent foundation. *See, e.g., Bartoli v. Applebee's Restaurant*, No. 00 C 5954, 2001 WL 40798, at *2 (N.D. Ill. Jan. 17, 2001). If the "plaintiff has established a basis for imposing liability on the defendant independent of any statutory cause of action under the Act," the claims are not preempted by the IHRA. *Maksimovic*, 177 Ill. 2d at 514, 687 N.E.2d at 22.

In *Temores*, this Court concluded that an IIED claim is a long-recognized tort action that exists independently and apart from a cause of action for sexual harassment under the IHRA and is therefore not preempted by that statute. *Temores*, 289 F. Supp. 2d at 1007. The Court is cognizant of the fact that the Seventh Circuit, in *Quantock v. Shared Mktg. Services, Inc.*, 312 F.3d 899, 905 (7th Cir. 2002), stated that preemption extends to claims of IIED that depend on allegations of sexual harassment. But in this regard, the final word on whether an Illinois statute preempts an Illinois claim comes from Illinois' highest court, which in *Maksimovic* rejected an analysis based on the factual relationship between a claim and the provisions of the IHRA in favor of an analysis based on the source of the legal duty underlying the claim.

## Conclusion

For the reasons stated above, the Court denies defendants' motion to dismiss the state law claims. Defendants are directed to answer those claims within fourteen days of this order.

MATTHEW F. KENNELLY
United States District Judge

Date: June 30, 2004